UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

                Plaintiff,                    CIVIL ACTION NO. 15-cv-13124

         v.                         DISTRICT JUDGE GERALD E. ROSEN

JOHN DOE subscriber assigned         MAGISTRATE JUDGE MONA K. MAJZOUB
IP address 73.18.192.96,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA AND GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER [6]

This matter comes before the Court on Defendant John Doe's Motion to Quash Subpoena and Motion for a Protective Order. (Docket no. 6.) Plaintiff Malibu Media, LLC responded to Defendant's Motion (docket no. 8), and Defendant replied to Plaintiff's Response (docket no. 11). The Motion has been referred to the undersigned for consideration. (Docket no. 9.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      BACKGROUND

This case is one of a string of cases in this district and others in which copyright owners have sued unidentified John Doe defendants for infringement based on allegations that the defendants downloaded copyright protected erotic films using a peer-to-peer file sharing network known as BitTorrent. Indeed, a query of Plaintiff's name brings up 290 similar lawsuits filed in this district alone by Plaintiff against unidentified John Doe defendants between June 2012 and

September 2015.[1]  The facts giving rise to this and other similar actions, and the process of BitTorrent file-sharing, have been described in detail by this Court and others and need not be repeated here.  *See Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978 (E.D. Mich. July 31, 2013); *Third Degree Films, Inc. v. John Does 1-72*, No. 12-14106, 2013 WL 1164024 (E.D. Mich. Mar. 18, 2013); *Patrick Collins, Inc. v. John Does 1-23*, No. 11-15231, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012).

In the present case, Plaintiff alleges that Defendant used the BitTorrent file distribution network to copy and distribute the constituent elements of nineteen films for which Plaintiff owns the copyrights.  (Docket no. 1.)  Plaintiff seeks an award of injunctive and monetary relief, including statutory damages.  On the day Plaintiff filed its complaint, it also filed an ex parte motion seeking leave to serve a third party subpoena prior to the Rule 26(f) conference.  (Docket nos. 3 and 4.)  In the motion for early discovery, Plaintiff argued that it knew Defendant only by his IP address which made it necessary for it to serve a subpoena on Defendant's Internet Service Provider ("ISP") so that it could learn Defendant's true identity. Plaintiff asserted that the ISP is the only entity that possesses records that track IP address assignments to their subscribers. Thus, without early discovery Plaintiff claimed there was no other way for it to obtain Defendant's identity.

On September 14, 2015, District Judge Gerald E. Rosen concluded that Plaintiff had established sufficient good cause to serve a third party subpoena on Comcast Cable Holdings, LLC ("Comcast") and granted Plaintiff's motion for early discovery (docket no. 5); Plaintiff subsequently served a subpoena on Comcast.  According to Defendant, Comcast notified him of

---

[1] Only one of the 290 cases filed by Plaintiff was brought against a named defendant.  Of the 290 cases, 3 remain active as of the time of this Order.  The other 287 cases have been closed.  The vast majority of the 287 closed cases were voluntarily dismissed by Plaintiff at some point after the court granted Plaintiff's ex parte motion to serve a third party subpoena prior to the Rule 26(f) conference.

the request for disclosure of his personally identifiable information on or about October 2, 2015. On October 27, 2015, Defendant filed the instant Motion to Quash Subpoena and Motion for a Protective Order.  (Docket no. 6.)  Defendant argues that Plaintiff failed to establish good cause to serve the subpoena[2] and that the subpoena requires disclosure of protected personal information, subjects Defendant to undue burden, and seeks information that is not relevant given Plaintiff's inability to link Defendant to the alleged infringing activity.  Comcast has not filed an objection or motion to quash as it relates to the subpoena.

## II.   GOVERNING LAW

Federal Rule of Civil Procedure 45 governs subpoenas and provides that a nonparty served with a subpoena may make written objections to the subpoena before the time specified for compliance.  Fed. R. Civ. P. 45(d)(2)(B).  The court must, upon motion, quash or modify a subpoena if it fails to allow a reasonable time to comply, requires a person to travel more than 100 miles from where they reside, requires disclosure of privileged or protected material if no exception or waiver applies, or subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A). The court may quash or modify a subpoena to protect a person subject to or affected by the subpoena if it requires disclosing a trade secret or other confidential information or disclosing an unretained expert's opinion.  Fed. R. Civ. P. 45(d)(3)(B).  Ordinarily, a party does not have standing to move to quash a subpoena directed to a nonparty unless the party claims a privilege or personal right in the information sought by the subpoena.  *U.S. v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006).  The party seeking to quash a subpoena bears a heavy burden of proof.  *Id.* (citation omitted).

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain

---

[2] The undersigned declines to revisit the previous finding of good cause in this matter.

discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. District courts must limit the scope of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

## III.   ANALYSIS

As an initial matter, the Court notes that Defendant has standing to move to quash the subpoena because it seeks disclosure of his personal identification information. The Court also notes that a cable operator such as Comcast is authorized to disclose personally identifiable information of any subscriber if the request is made pursuant to a court order and if the subscriber is notified of such order by the person to whom the order is directed. 47 U.S.C. § 551(c)(2)(B). As indicated above, Defendant states that Comcast notified him of the subpoena request, prompting him to file the instant motion.

Defendant argues that the subpoena is not reasonably likely to result in the identification of and service upon an actual defendant. He argues, as have so many others in similar cases, that the subpoena issued to Comcast is directed toward identifying the subscriber assigned to a particular IP address and not to the actual alleged infringer of the copyrighted material. Defendant rightly contends that any number of users other than the subscriber may have access

to the internet over a connection identified to an IP address assigned to a defendant.  Specifically, Defendant claims that his IP address was erroneously identified or that he was wrongfully framed by an unknown internet user.  (Docket no. 6 at 13.)  He further explains that he had been maintaining a router with a non-password protected Wi-Fi signal and that his residence in a dense neighborhood increases the possibility that one of his neighbors was abusing his IP address.  (*Id*.)  Defendant also argues that cases such as these are rife with the potential for abusive settlement practices, claiming that Plaintiff has less interest in identifying actual defendants than it does in strong-arming settlements from ISP subscribers who would rather settle a case quickly than be publicly named as an individual accused of illegally downloading pornographic material.

The Court does not take Defendant's arguments lightly.  The majority of the cases Plaintiff has filed in this district have been voluntarily dismissed by Plaintiff after it was given leave to conduct early discovery, just as Defendant surmises.  Defendant would attribute these dismissals to the fact that Plaintiff intimidated innocent subscribers to force them to settle, regardless of liability, to avoid a public accusation that they illegally downloaded pornographic material.  Defendant's arguments, however, are no more than speculation at this point.  The Court has no information to show that Plaintiff has engaged in or intends to engage in coercive settlement tactics in this case.  Nor does the Court know whether Plaintiff chose to voluntarily dismiss its other cases because it negotiated a settlement agreement. It is equally as plausible that Plaintiff agreed to dismiss cases because it determined after serving a subpoena on the ISP that it could not ascertain the identity of the actual infringer.

In any event, the Court recognizes as have other courts the concerns raised about federal courts becoming "cogs in a plaintiff's copyright-enforcement business model."  *Malibu Media*

*LLC v. John Does 1-28,* No. 12-cv-12598, 2012 WL 7748917, at *11 (E.D. Mich. Oct. 31, 2012)

(citing *Malibu Media, LLC v. Doe 1-9*, No. 2:12-cv-3623, 2012 U.S. Dist. Lexis 89286, at *9

(C.D. Cal June 27, 2012)), *dismissed as moot* after voluntary dismissal by Plaintiff, No. 12-cv-

12598, 2013 WL 1090729 (E.D. Mich. Mar. 15, 2013).  Nevertheless, the Court is constrained to

the facts of this case, which do not at this stage allude to coercive tactics.

The Court concludes that Defendant's arguments that the subpoena is directed toward

identifying the ISP subscriber and not necessarily the actual infringer is not a basis for quashing

the subpoena.  The subpoena is reasonably tailored to elicit information that may identify or lead

to the identity of the alleged infringer and thus is directly relevant to Plaintiff's claims.  The

subpoena does not impose any undue burden or expense on Comcast, the entity to whom it was

directed.  As for any burden on Defendant, the subpoena does not command Defendant to

produce any information or take any action.  Defendant's arguments that he is innocent of any

infringement can be addressed at a more appropriate time after service of process has been

accomplished.  Furthermore, Defendant's concerns that his reputation may be damaged by being

named in this lawsuit may be alleviated for a time by entry of a protective order permitting

Defendant to proceed anonymously and preventing Plaintiff from publicly naming Defendant for

a limited time.  *See Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, at

*10-11 (E.D. Mich. Jan. 29, 2013).  Plaintiff does not oppose entry of such an order, so long as

Plaintiff is able to learn Defendant's identity via the subpoena response.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Subpoena and

Motion for a Protective Order [6] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Defendant's Motion to Quash Subpoena is DENIED;

       b.      Defendant's Motion for a Protective Order is GRANTED.  The parties will be permitted to submit a proposed protective order allowing Defendant to proceed anonymously in this matter for a limited duration.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 27, 2016         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: May 27, 2016         s/ Lisa C. Bartlett
                                  Case Manager